## SOLOMON HALL *versus* JANE HALL.

Where a wife has committed adultery, a subsequent cohabitation with her by the husband, with a knowledge of her guilt, is a remission of the offence, and a bar to a divorce.

THIS was a libel for a divorce. The alleged cause was adultery, committed by the said Jane, the wife of the libellant, on the 1st August, 1825, and on divers other days, between that day and the 1st December, 1825, with some person to the libellant unknown.

*Quincy*, for the libellant.

*Bell*, for Jane Hall.

*By the court.* It appears from the evidence in this case, that the parties were married on the 27th December, 1822, and have in general resided together since that time, in the town of Rumney, in this county.

In the month of April, 1825, the libellant left his wife in Rumney, and went to some place near Boston, in Massachusetts, where he was employed as a laborer, until the 1st December, 1825, when he returned to his wife in Rumney. The evidence adduced by the libellant renders it highly improbable, that he could have had any access to his wife between the months of April and December; and in the affidavit of the wife, it is virtually admitted, that he had no access during that period.

On the 27th May, 1826, the wife had a child. The libellant relies on these circumstances as evidence of the alleged adultery, and they are circumstances which would be likely to awaken suspicion in the mind of any husband, and are entitled to their due weight in settling the question, whether the alleged cause for a divorce is proved. 4 D. & E. 356, *Goodright* v. *Saul* ; 8 East, 193, *The King* v. *Luffe* ; Phillips' Ev. 112.

The libellant has produced a letter, which purports to be signed by the wife, and to be directed to him, in which she confesses the adultery. But the letter is without date, is not in her hand writing, and no evidence is adduced to prove, or render it probable, that she ever saw it. Nor is any account given of the manner in which the husband became possessed of it. We have, therefore no hesitation in holding, that it is entitled to no weight in the decision of the cause.

But the answer which the respondent has given to this application renders it unnecessary, that we should express any opinion upon the question, whether the evidence is sufficient to sustain the allegations of the libellant. Because even if it be admitted that the adultery

is fully proved, we are of opinion, that, under the circumstances, of this case, a divorce ought not to be decreed.

The answer of the respondent is, that if she be guilty, still, the libellant, with a full knowledge of her guilt, has since cohabited with her, and must therefore be presumed to have pardoned and remitted the offence. And this answer is sufficiently sustained by the evidence. It is clearly proved that even since this contest has been going on between the parties, they have been much together on terms of great intimacy ; and she states in her affidavit, that they have often slept together, in consequence of which she has become pregnant by him.

The statement she makes in her affidavit is not denied by him, and we see no cause why its truth should be doubted.

We consider the principle as well settled, that a subsequent cohabitation with the wife, with a knowledge of her guilt, is a remission of the offence and a bar to a divorce. 6 Mass. Rep. 147 ; 5 ditto, 320, *North* v. *North* ; 1 Johns. Ch. Rep. 488, *Williamson* v. *Williamson.*

*Decree that the libellant take nothing by his petition.*